# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**WILLIAM Y. BUCHANAN**,

      Petitioner,

v.                                                                                       Civ. No. 03-1231 JP/RHS

**PATRICK SNEDEKER**, Warden, et al.,

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING RESPONDENTS' MOTION TO DISMISS

THIS MATTER comes before the Court on Respondents' Motion to Dismiss for Failure to Exhaust State Remedies or on Grounds of Procedural Default, or to Deny Claim One on the Merits ("Motion to Dismiss"), filed July 20, 2005 **[Doc. 34]**. Petitioner opposes the Motion. (See Petitioner's Opposition to Respondent's Motion ("Response") **[Doc. 39]**.) Having considered the parties' submissions, the relevant authorities, and being otherwise advised in the premises, the Court finds that Respondents' Motion to Dismiss claim on the basis of exhaustion and procedural default is not well taken and recommends that it be denied. The Court further recommends that Respondents' motion to deny claim one on the merits be deferred.

*Discussion*

Petitioners generally must exhaust available state court remedies before seeking redress in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1); see also Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997); Picard v. Connor, 404 U.S. 270, 275 (1971). The exhaustion doctrine is rooted in considerations of federal-state comity and seeks to allow states the opportunity to correct constitutional errors prior to federal intervention. Id. 404 U.S. at 275-76.

The exhaustion requirement is met when the state's highest court has had an opportunity to reach the merits of petitioner's habeas claims.  Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992).

In response to the Court's request for information regarding whether Petitioner had exhausted his claims (see Order, filed October 29, 2003 **[doc. 2]**), Respondent declared that "[t]he issues raised in the petition were decided on the merits by the state courts (Answer at 3, filed December 1, 2003 **[doc. 6]**)."  Nevertheless, Respondents now "request that the Petition be dismissed in its entire[t]y for mixing exhausted and unexhausted claims."  (Motion to Dismiss at 1.)  Respondents argue that "in the brief supporting his motion for summary judgment . . . Petitioner has reformulated the [Confrontation Clause] claim significantly[,] [and] . . . . transformed it 'into a significantly different and more substantial claim.'"[1]  (Memorandum Brief in Support of Respondents' Motion to Dismiss ("Memo in Support") at 10 **[Doc. 35]**.)  Thus, Respondents apparently assert that the arguments presented in Petitioner's summary judgment motion either raise new claims or fundamentally alter the substance of the Confrontation Clause claim presented to the state courts.

In support of their position, Respondents contend that: (1) "[t]he sheer length and detail of the summary judgment brief . . . demonstrates that [Petitioner's] claim is unexhausted (id.)"; (2) "individual statements by Mr. Sanders are, for the first time, specifically identified and challenged [in the summary judgment brief] (id. at 15).";  (3) "[n]umerous legal arguments are made for the first time (id.)";  and (4) "Petitioner's factual and legal arguments in this Court are

---

[1] In their reply brief, Respondents concede that "[t]he arguments contained in Petitioner's appellate Brief in Chief [filed in state court] are exhausted," but contend that "the motion for summary judgment included additional arguments, and those are unexhausted." (Respondent's Reply in Support of Their Motion to Dismiss ("Reply") at 4 **[Doc. 42]** (emphasis added).)

significantly different than the factual and legal arguments he made in state court (id. at 16)." Despite these allegations, Respondents do not identify any "new" claims raised by Petitioner. Nor do they indicate how the summary judgment motion fundamentally alters the substance of Petitioner's Confrontation Clause claim.

Moreover, the Court finds that the cases cited by Respondents regarding the issue of exhaustion (i.e., Smallwood v. Gibson, 191 F.3d 1257 (10th Cir. 1999), Demarest v. Price, 130 F.3d 922 (10th Cir. 1997), Jones v. Hess, 681 F.2d 688 (10th Cir. 1982), Bintz v. Bertrand, 403 F.3d 859 (7th Cir. 2005)) are distinguishable in important respects and do not apply to the circumstances of this case. Finally, Respondents allege that "eight enumerated arguments" contained in Petitioner's Response illustrate the point that the Confrontation Clause claim is unexhausted. (Reply at 5.) However, the "arguments" cited by Respondents, are challenges to the New Mexico Supreme Court's application of certain factors in denying Petitioner's claim on direct appeal. Petitioner cannot challenge the state court's findings before those findings have been made. The Court does not find Respondents' arguments persuasive. Indeed, Respondents' arguments on the issue of exhaustion lack merit and border on the frivolous. Accordingly, Respondents' Motion to Dismiss the Petition on the basis of lack of exhaustion or procedural default should be denied.

In the alternative, Respondents request that the Court "deny count one on the merits." (Memo in Support at 17.) The Court is currently considering the Petitioner's motion for summary judgment on the Confrontation Clause claim. The Court recommends that Respondents' motion to deny the claim on its merits be considered in conjunction with the Court's review of the Petitioner's summary judgment motion on the same claim.

3

**WHEREFORE,**

**IT IS HEREBY RECOMMENDED** that Respondents' Motion to Dismiss **[Doc. 34]** on the basis of exhaustion and procedural default be **DENIED** and that Respondents' motion to deny claim one on the merits be **DEFERRED**.[2]

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[2]Any objections to these proposed findings and recommended disposition submitted pursuant to 28 U.S.C. § 636(b)(1) shall not exceed six (6) pages in length.