IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM Y. BUCHANAN,

        Petitioner,

v.                                                          Civ. No. 03-1231 JP/RHS

PATRICK SNEDEKER, Warden, et al.,

        Respondents.

**MEMORANDUM OPINION AND ORDER
OVERRULING RESPONDENTS' OBJECTIONS AND ADOPTING MAGISTRATE
JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

On October 20, 2005 Magistrate Judge Scott filed his Proposed Findings and Recommended Disposition ("PFRD") (Doc. No. 43). On October 26, 2005 the Respondents, represented by Joel Jacobsen, an Assistant New Mexico Attorney General, filed their Objections to the Magistrate Judge's PFRD ("Objections") (Doc. No. 44). On November 28, 2005 Assistant Attorney General Jacobsen sent a letter to this Court regarding Bradshaw v. Richey, ___ U.S. ___, 126 S.Ct. 602 (2005), a case decided by the United States Supreme Court on November 28, 2005. Consequently, I referred the matter back to Judge Scott for consideration of Bradshaw v. Richey. On December 7, 2005 Judge Scott entered an Order Setting Supplemental Briefing Schedule related to Bradshaw (Doc. No. 45). On January 6, 2006, Respondents filed Respondents' Bradshaw Brief (Doc. No. 46) and Petitioner filed Petitioner William Y. Buchanan's Bradshaw Brief (Doc. No. 47).

    In this federal habeas corpus case, the Magistrate Judge's PFRD addresses Respondents' Motion to Dismiss for Failure to Exhaust State Remedies or on Grounds of Procedural Default,

or to Deny Claim One on the Merits (Doc. No. 35).  Claim One[1] is the subject of a pending motion for partial summary judgment filed by Petitioner (Doc. No. 13).  The PFRD discusses the exhaustion issue in light of relevant precedent from the United States Supreme Court and the Court of Appeals for the Tenth Circuit.  The PFRD identifies the gravamen of Respondents' motion to dismiss as a challenge to the scope of Petitioner's confrontation clause claim in this Court as opposed to the scope of Petitioner's confrontation clause claim presented in the state courts.  The Magistrate Judge recommends denial of Respondents' motion to dismiss on the basis of lack of exhaustion or procedural default, and deferral of the motion to dismiss on the merits of Claim One.

The Court has carefully considered the parties' submissions and has made a *de novo* determination of those portions of the Magistrate Judge's PFRD objected to.  The Court determines that Bradshaw v. Richey does not affect the outcome of this case. The Court will overrule Respondents' Objections and adopt the Magistrate Judge's PFRD.

**I. Respondents' Objections.**

Respondents object to the PFRD, contending it fails to consider that Petitioner's Claim One is "indisputably unexhausted."  Objections at 1.  Respondents identify two possible avenues of state court "post-appeal relief" that they contend Petitioner should have utilized to exhaust his claim that admission of Eddie Sanders' statements violated the Confrontation Clause:  a request for a rehearing under N.M.R.App. P. 12-404; and state habeas corpus proceedings.

---

[1] Claim One refers to the first of Petitioner's three claims in his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. No. 1).  This claim is summarized in the Application as follows:  "The trial court violated petitioner's right to confront and cross-examine the witnesses against him under U.S. Const. Amends. VI and XIV by admitting the out-of-court statements of co-defendant Eddie Sanders." Id. at 6.

It is true that the PFRD fails to discuss Respondents' challenge to exhaustion on the basis that Petitioner failed to ask for rehearing in the New Mexico Supreme Court, and that he failed to include his confrontation clause claim in his state habeas.  However, that challenge is without merit.  Respondents cite <u>Serrano v. Williams</u>, 383 F.3d 1181 (10th Cir. 2004) in support of the notion that Rule 12-404 has "significance to federal habeas corpus practice."  Objections at 2. However, in <u>Serrano</u> the Tenth Circuit did not conclude that the petitioner was required to file for a rehearing under Rule 12-404 in order to exhaust his claims in state court; rather the court addressed the effect of Rule 12-404(A) on the tolling of the limitations period for bringing a federal habeas case.  <u>Serrano</u>, 383 F.3d at 1185-87.  The court held that the limitations period was tolled for the 15 days the petitioner could have filed a motion for rehearing, even though the petitioner did not file for rehearing.  <u>Id.</u> at 1187.  <u>Serrano</u> is consistent with the principle that not every state court proceeding that tolls the limitations period for filing a federal habeas corpus case must be pursued in order to exhaust state court remedies.

Respondents also cite <u>Bowser v. Boggs</u>, 20 F.3d 1060, 1063 (10th Cir. 1994), which held that a petitioner who had no opportunity to raise a federal claim prior to issuance of a state appellate court's opinion may satisfy the exhaustion requirement by filing a motion for rehearing. Respondents argue that it follows that a failure to ask for rehearing means the exhaustion requirement is not satisfied.  The Court does not accept this reasoning.  Petitioner had an opportunity to raise his confrontation claim in the New Mexico Supreme Court and he did so. That is all that was required to exhaust the claim.  Thus, Petitioner was not required to request a rehearing in state court under N.M.R.App. P. 12-404 in order to exhaust his Claim One because he presented that claim on direct appeal to the New Mexico Supreme Court.

3

Additionally, the Court rejects Respondents' argument that Petitioner was required to present his Claim One to the state court in his state habeas proceeding. "[I]t is not necessary for a petitioner to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review." Castille v. Peoples, 489 U.S. 346, 350 (1989) (citation and internal quotation marks omitted). To satisfy the exhaustion requirement, a petitioner need only show that he presented as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a postconviction attack," those issues that he raises in his federal habeas petition. Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). *See also* Bowser v. Boggs, 20 F.3d at 1063 n.4 ("To satisfy the exhaustion requirement, it is not necessary for a petitioner to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review" (internal quotation marks and citations omitted)).

Respondents next object that the PFRD fails to recognize that Claim One goes beyond what Petitioner presented to the New Mexico Supreme Court on direct appeal. Respondents point out that Petitioner's partial summary judgment motion on Claim One (Doc. No. 13) contains "eight enumerated arguments," which Respondents contend "were not presented to any state court" and which confirm that "Petitioner seeks the de novo re-litigation of his state court suppression hearing." Objections at 4. Respondents contend that Petitioner's summary judgment brief raises "arguments [that] are as different as night and day" from those presented to the state courts. Objections at 9.

A petitioner must have presented to the state court through his direct appeal the "substance" of each of the federal constitutional claims which he raises in his federal habeas petition. Nichols v. Sullivan, 867 F.2d 1250, 1252 (10th Cir. 1989). This means that the federal

4

claims must have been "fairly presented," by giving the state court the first opportunity to hear the claims sought to be vindicated by the federal habeas petition. Id.

Mr. Buchanan argued in the New Mexico Supreme Court that "the admission of Eddie Sanders' statements to the FBI violated Mr. Buchanan's constitutional right to confront the witnesses against him." Buchanan's Brief in Chief at 21, Ex. J to Answer[2] (Doc. No. 6); Buchanan's Reply Brief at 8, Ex. L. In his reply brief, Mr. Buchanan specifically referred to Eddie Sanders' statements set forth in his brief in chief, and contended that the admission of any inculpatory statements violated Mr. Buchanan's rights under the Confrontation Clause. Reply at 9, Ex. L (citing Brief in Chief at 3-8). Petitioner further explained that he considered "all [of Eddie Sanders'] references to Mr. Buchanan's involvement in any of the crimes charged" to be inculpatory statements. Id. (citing examples). The New Mexico Supreme Court, in analyzing Mr. Buchanan's confrontation clause claim, was fully aware of the United States Supreme Court decisions in Ohio v. Roberts, 448 U.S. 56 (1980) and Lilly v. Virginia, 527 U.S. 116 (1999). *See* Decision at 7, Ex. O (citing these cases). While Petitioner undoubtedly sets forth his confrontation clause claim in more depth and detail in his summary judgment brief, his arguments do not raise new claims, rely on new evidence, or "fundamentally alter the legal claim already considered by the state courts . . . ." Vasquez v. Hillery, 474 U.S. 254, 260 (1986). Thus, Mr. Buchanan fairly presented the substance of his Claim One to the state court through his direct appeal.

---

[2] The exhibits cited in this Memorandum Opinion and Order are those attached to Respondents' Answer (Doc. No. 6).

The Court agrees with the Magistrate Judge that the cases relied on by Respondents are factually and/or legally distinguishable from this proceeding in important ways. *See, e.g.*, Chambers v. McCaughtry, 264 F.3d 732, 738-39 (7th Cir. 2001) (finding lack of exhaustion where the argument at issue had been previously presented to the state court only in a footnote contained within another argument); Demarest v. Price, 130 F.3d 922 (10th Cir 1997) (finding nonexhaustion where new expert testimony, *inter alia*, had not been presented to the state court); Jones v. Hess, 681 F.2d 688, 693 (10th Cir. 1982) (finding lack of exhaustion where the federal claim was supported by *ex parte* letters that had not been presented or available to the state court, and where the letters transformed the petitioner's claim of judicial *bias* and prejudice into a claim of "judicial *misconduct* of a distinct character") (emphasis added). Petitioner is not relying on any new testimony or other evidence in this Court that was not before the state courts.

Respondents also object to the Magistrate Judge's use of the terms "new claim" and "fundamentally alter," apparently arguing that the terminology constitutes a "mischaracterization of Respondents' argument" that Petitioner's summary judgment brief transformed the confrontation clause claim into "a significantly different and more substantial claim." Objections at 10 (citing Jones, 681 F.2d at 693). As previously noted, the claim in Jones was unexhausted because it was supported by evidence that was not available to the state court and that transformed the petitioner's claim of judicial *bias* into a "significantly different and more substantial claim" involving an averment of judicial *misconduct*. Regardless of the terminology used, the Court concludes that Petitioner's summary judgment brief neither raises a new or fundamentally altered claim, nor presents a significantly different and more substantial claim, than that presented to the state courts.

Respondents object to the Magistrate Judge's finding that Respondents "do not identify any 'new' claims . . . [or] indicate how the summary judgment motion fundamentally alters the substance of Petitioner's Confrontation Clause claim." PFRD at 3. Respondents contend that with this language the PFRD "relieve[d] the Petitioner of his burden of proof" on the exhaustion issue. Objections at 7. The statements in the PFRD objected to by Respondents do not even address the burden of proof regarding exhaustion. The Court concludes that the PFRD does not relieve Petitioner of proving he exhausted Claim One.

Respondents do not deny that they previously informed the Court that "the issues raised in the petition were decided on the merits by the state courts." Answer at 3 (Doc. No. 6). However, in their Objections, Respondents contend that this statement "did not concede exhaustion even with regard to the claims made in the Petition." Objections at 11. Regardless of whether this statement constituted an explicit admission of exhaustion, the Court concludes that the claims and issues raised in the petition that were decided on the merits by the state courts are exhausted.

## II. The Bradshaw Briefs.

The Court has reviewed the United States Supreme Court's opinion in Bradshaw v. Richey, ___ U. S. ___, 126 S.Ct. 602 (2005) and the parties' Bradshaw briefs. In Bradshaw v. Richey, the Supreme Court reversed a decision of the Sixth Circuit granting a writ of habeas corpus to a state prisoner. The Court held that "the Sixth Circuit erred . . . by relying on evidence that was not properly presented to the state habeas courts . . . [and] in relying on certain grounds [supporting a claim of ineffective assistance of counsel] that were apparent from the trial record but not raised on direct appeal." Bradshaw v. Richey, ___ U.S. at ___, 126 S.Ct. at 605. Here,

Petitioner has neither relied on evidence that was not properly presented to the state courts, nor raised new grounds in this Court that were not raised on direct appeal.

Respondents contend that "Petitioner explicitly asks this Court to rely on evidence that he did not present in his state appellate briefs." Resp. Bradshaw Brief at 2 (Doc. No. 46). However, Respondents do not identify, and the Court is not aware of, any such evidence.[3] Respondents also appear to argue that Petitioner presents new or different grounds for his confrontation clause claim than those presented to the state courts. *See* Resp. Bradshaw Brief at 6 (stating that "the fact that Petitioner made *a* confrontation clause claim on direct appeal does not mean that *all* confrontation clause claims are properly before this Court"(emphases in original)). In connection with his Claim One in this Court, Petitioner argues that the admission of his non-testifying codefendant's (Eddie Sanders') out-of-court statements violated Petitioner's right to confront a witness against him. In the New Mexico Supreme Court, Petitioner argued that "the admission of Eddie Sanders' statements to the FBI violated Mr. Buchanan's constitutional right to confront the witnesses against him." Buchanan's Brief in Chief at 21, Ex. J; Buchanan's Reply Brief at 8, Ex. L. Respondents do not identify, and the Court is not aware of, any separate grounds for the confrontation clause claim in this Court that were not presented to, or considered by, the New Mexico state courts. Petitioner has met his burden of showing that he fully exhausted in state court his confrontation clause claim involving the admission of Eddie Sanders' statements.

---

[3] The Court has not ordered discovery or an expansion of the record, and no evidentiary hearings have been held in this proceeding.

**III.  Other Matters.**

Finally, the Court agrees with the PFRD that Respondents' motion to deny Count One on the merits should be considered in conjunction with the Court's current consideration of Petitioner's summary judgment motion regarding the same claim.  Respondents' request that this case be reassigned to another Magistrate Judge will be denied.

THEREFORE the Court overrules Respondents' Objections (Doc. No. 44), and adopts the Magistrate Judge's proposed findings and recommended disposition (Doc. No. 43);

FURTHER the Court denies Respondents' Motion to Dismiss for Failure to Exhaust State Remedies or on Grounds of Procedural Default (Doc. No. 34), and defers ruling on Respondents' Motion to Deny Claim One on the Merits;

FURTHER the Court denies Respondents' request that this case be reassigned to another Magistrate Judge.

_____
SENIOR UNITED STATES DISTRICT JUDGE