## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

WILLIAM Y. BUCHANAN,

       Petitioner,

v.                                                     Civ. No. 03-1231 JP/RHS

PATRICK SNEDEKER, Warden, et al.,

       Respondents.

### MEMORANDUM OPINION AND ORDER
### OVERRULING RESPONDENTS' OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, GRANTING PETITIONER'S REVISED MOTION FOR PARTIAL SUMMARY JUDGMENT, AND DENYING RESPONDENTS' MOTION TO DISMISS

On September 28, 2006 Magistrate Judge Scott filed his Proposed Findings and Recommended Disposition Regarding Petitioner's Revised Motion For Partial Summary Judgment and Respondents' Motion to Dismiss ("PFRD") (Doc. No. 50).  On October 12, 2006 Respondents filed their lengthy Objections to Magistrate Judge's PFRD ("Objections") (Doc. No. 51).  On October 20, 2006 I requested further briefing on Respondents' Objection No. 17.

In this habeas corpus case, the Magistrate Judge's PFRD addresses Petitioner William Y. Buchanan's Revised Motion for Partial Summary Judgment, filed March 18, 2004 (Doc. No. 13) and Respondents' motion to dismiss Claim One[1] on the merits contained in Respondents' Motion to Dismiss for Failure to Exhaust State Remedies or on Grounds of Procedural Default, or to

---

[1] Claim One is the first of Petitioner's five claims in his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Doc. No. 1).  The Application summarizes Claim One as follows:  "The trial court violated petitioner's right to confront and cross-examine the witnesses against him under U.S. Const. Amends. VI and XIV by admitting the out-of-court statements of co-defendant Eddie Sanders." Id. at 6.

Deny Claim One on the Merits, filed July 20, 2005 (Doc. No. 34).[2]  The Magistrate Judge recommends granting Petitioner's Motion for Partial Summary Judgment, and denying as moot Respondents' motion to dismiss on the merits of Claim One.

The Court has carefully considered the parties' submissions and has made a *de novo* determination of those portions of the Magistrate Judge's PFRD to which Respondents objected. The Court will overrule Respondents' Objections and adopt the Magistrate Judge's PFRD, with one modification.  In doing so, the Court will grant Petitioner's Motion for Partial Summary Judgment and deny Respondents' motion to dismiss on the merits of Claim One.

The issue presented in Claim One is whether Petitioner William Y. Buchanan's Sixth Amendment right to confront the witnesses against him was violated by the admission of out-of-court statements by a non-testifying co-defendant, Richard "Eddie" Sanders, whose statements implicated Sanders, Buchanan and Kenny Hill in the murder of Darrett McCauley.  The statements were introduced through the testimony of FBI Agents to whom Sanders made the statements.

The PFRD summarizes the procedural background and the undisputed factual background of the underlying case in New Mexico state court.  Respondents make no objection to these parts of the PFRD.  The PFRD also contains an excellent analysis of the issues presented in Petitioner's summary judgment motion and Respondents' motion to dismiss.  PFRD at 7-19.  The Magistrate Judge recommends a conclusion that Petitioner is entitled to partial summary judgment with respect to Claim One of his application for a writ of habeas corpus because the admission at

---

[2]  On June 2, 2006 this Court adopted the Magistrate Judge's October 20, 2005 PFRD and denied that portion of Respondent's motion to dismiss Claim One that was based on alleged lack of exhaustion or procedural default (Doc. No. 48).

Petitioner's trial of out-of-court statements by his non-testifying co-defendant, Sanders, violated Petitioner's Sixth Amendment right to confront the witnesses against him. Further, the PFRD recommends a conclusion that New Mexico Supreme Court's decision that Petitioner's Sixth Amendment right was not violated was contrary to, or involved an unreasonable application of, clearly established federal law as expressed by the Supreme Court of the United States.

**Discussion of Respondents' Objections.**

*Objection No. 1.* Respondents object to the Magistrate Judge's use of such terms as "the Court concludes" and "the undersigned finds" because Magistrate Judges lack the authority to make findings and conclusions in habeas corpus cases. This Court understands that the Magistrate Judge's findings and conclusions are merely proposed or recommended, and that it is this Court's responsibility to "make a de novo determination of those portions of the . . . specified proposed findings or recommendations to which objection is made [and to] accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This objection will be overruled.

*Objection No. 2.* This objection has to do with the admissibility of Sanders' statements insofar as they were statements against his penal interest. The New Mexico Supreme Court found that Sanders' statements were properly admitted under New Mexico rule of evidence 11-804(B)(3),[3] which allows the admission of a hearsay statement made by a declarant who is unavailable to testify if the statement is against the penal interest of the declarant. State of New

---

[3] Rule 11-804(B)(3) provides: "The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: . . . (3) *Statement Against Interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to . . . criminal liability, . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

Mexico v. William Y. Buchanan, NMSC No. 25,608 (Jan. 16, 2002) (unpublished decision) at 8,

Ex. O to Ans.[4]  The New Mexico Supreme Court also considered as a factor in its trustworthiness

analysis that Sanders' statements were against his penal interest.  Id.

> The PFRD recommends finding that the New Mexico Supreme Court acted contrary to

clearly established federal law when it approved the admission into evidence of Sanders'

statements against Petitioner on the ground that the statements were against Sanders' penal

interest.  PFRD at 8-9.  The Magistrate Judge concludes that "Sanders' statements against his

penal interest, at least to the extent that they inculpate Petitioner, do not fall within a firmly rooted

hearsay exception under the first prong of the [Ohio v.] Roberts[, 448 U.S. 56 (1980)] test."

PFRD at 11-12.  Additionally, the PFRD recommends that the circumstances surrounding

Sanders' statements do not overcome the presumptive unreliability of those statements, PFRD at

13, and specifically disapproves of the New Mexico Supreme Court's using the inculpatory nature

of Sanders' statements as a factor in the trustworthiness analysis.  PFRD at 17.

> Respondents' objection is apparently grounded on the notion that the plurality opinion in

Lilly v. Virginia, 527 U.S. 116 (1999) did not represent clearly established federal law at the time

of the New Mexico Supreme Court's decision.

> Lilly established that "the question whether the statements fall within a firmly rooted

hearsay exception for Confrontation Clause purposes is a question of federal law."  Lilly, 527

U.S. at 125.  The Court was unequivocal on this point:

> > The decisive fact, which we make explicit today, is that
> > accomplices' confessions that inculpate a criminal defendant are not
> > within a firmly rooted exception to the hearsay rule as that concept
> > has been defined in our Confrontation Clause jurisprudence.

---

[4]  Hereafter this will be referred to as "Decision."  It is attached to Respondents' Answer as Exhibit O.

Lilly, 527 U.S. at 134.  Additionally, the Court applied the residual trustworthiness test of Ohio v. Roberts in a very restrictive way where (1) an accomplice's confession that shifts or spreads blame was made to the government, (2) the statements describe past events, and (3) the statements have not been subjected to cross-examination.  527 U.S. at 137-39.

Respondents argue that prior opinions cast doubt on the holding of Lilly with regard to admissibility of statements against penal interest, and that "the Lilly plurality's observation [that statements against penal interest are presumptively unreliable] was not a holding clearly establishing federal law . . .."  Resp. Obj. No. 2 at 13.  However, the Tenth Circuit recently ruled that Lilly's holdings expressed in the plurality opinion of Justice Stevens were clearly established because the categorical approach of concurring Justices Scalia and Thomas "reads the requirements of the Confrontation Clause more broadly than the plurality."  Stevens v. Ortiz, 465 F.3d 1229, 1237 (10th Cir. 2006).  In its review of the state court's decision, the Tenth Circuit concluded that the Colorado Supreme Court's reasoning was contrary to the clearly established federal law in Lilly when it "erred . . . by assigning relevance to whether a statement is genuinely self-inculpatory . . .."  Id. at 1238.

The Magistrate Judge correctly applied Lilly as clearly established federal law under 28 U.S.C. § 2254(d)(1) in analyzing the Confrontation Clause issue on the admissibility of Sanders' statements insofar as they were against his penal interest.  Therefore, this objection will be overruled.

*Objection No. 3.*  Respondents argue that the PFRD proposes that this Court decline to follow on-point Tenth Circuit law, i.e., Beem v. McKune, 48 Fed.Appx. 281 (10th Cir. 2002) (unpublished).  In Beem, the Tenth Circuit rejected the notion that the plurality opinion in Lilly represented clearly established federal law that would require a conclusion that an accomplice's confession was presumptively unreliable and could not be admitted within a firmly-rooted exception to the hearsay rule.  Beem is not controlling for three reasons.  First, it is not binding precedent because it is an unpublished decision.  Second, the discussion about Lilly was probably *dicta* because Beem's conviction probably became final in the state courts before Lilly was decided.[5]  Third, Beem has been superceded by Stevens v. Ortiz which makes clear that the Lilly plurality opinion represents clearly established federal law for purposes of habeas corpus petitions under 28 U.S.C. § 2254(d)(1).  Therefore this objection will be overruled.

*Objection No. 4.*  Respondents object to the PFRD's recommendation that their Motion to Dismiss be denied as "moot."  PFRD at 1, 4, 20.  Respondents' motion is styled as "Motion to Dismiss for Failure to Exhaust State Remedies or on Grounds of Procedural Default, or to Deny Claim One on the Merits."  (Doc. No.34).  As noted in the PFRD, this Court denied the motion to dismiss insofar as it was based on alleged failure to exhaust or procedural default.  PFRD at 1 n.1; Mem. Op. & Order (Doc. No. 48).  What is left of the motion to dismiss is Respondents' attempt to prevail on the merits of Claim One, which raises the same substantive issues as Petitioner's Motion for Partial Summary Judgment.  Because this Court agrees with the Magistrate Judge that Petitioner should prevail on the merits of Claim One, Respondents' motion must be denied.

---

[5]  It is unclear from the unpublished decision in Beem when Beem's conviction became final in the state court system.  He was convicted in Kansas state court in 1988, and his conviction was affirmed by the Kansas Court of Appeals, probably in 1989 or 1990, and long before the US Supreme Court's decision in Lilly.

Whether it is denied as moot after Petitioner's Motion for Partial Summary Judgment is granted, or denied on the merits simultaneously with the granting of Petitioner's motion seems immaterial. The effect is the same.  Therefore, the Court will simply deny Respondents' Motion to Deny Claim One without ruling on this objection.

*Objection No. 5.*  This objection, or rather series of objections, spans 16 pages and is basically a rehash of Respondents' exhaustion and preclusion arguments that this Court has already rejected.  Mem. Op. & Order (Doc. No. 48).  At the core of this objection is Respondents' claim that the PFRD considers evidence and arguments that were not brought to the attention of the state trial court or the New Mexico Supreme Court.  First, Respondents assert that Buchanan never argued to the New Mexico Supreme Court that Sanders knew he was under criminal investigation, and so it is improper for the PFRD at 14 to make this finding.  This assertion is belied by the record as cited in Respondents' own brief.  *See* Resp. Obj. No. 5(b)(i) at 23 (Buchanan argued in his direct appeal "it was very clear [Sanders] soon would be [in custody], and that he knew the jig was up.").

Next, Respondents object to the PFRD's observation that Sanders made his statements to the FBI only after receiving notice from the FBI of a threat of violence against Sanders from the drug organization.  PFRD at 15.  However, this fact is undisputed from the record before the New Mexico Supreme Court.  Respondents acknowledge that Buchanan argued on direct appeal that Sanders' "fear for his life" should be considered as a factor in the reliability analysis.  *See* Resp. Obj. No. 5(b)(vii) at 24 (Petitioner argued Sanders' statement unreliable, in part, because he had fear for his life when approached by FBI).

Respondents object that the PFRD counters the New Mexico Supreme Court's finding that "it was Sanders who chose to call the FBI" by pointing out "the fact that the FBI initiated contact with Sanders . . . ."  PFRD at 15.  Respondents acknowledge that the New Mexico Supreme Court was fully aware of this and all the other facts surrounding Mr. Sanders' confession because those facts are discussed throughout that court's published opinion, State v. Sanders, 2000-NMSC-032, 129 N.M. 728, 13 P.3d 460 (2000).  Here the objection seems to be that it is wrong for the Magistrate Judge to point out that the New Mexico Supreme Court slanted the facts underlying its trustworthiness analysis because Petitioner failed to place enough weight upon this argument on appeal to the New Mexico Supreme Court.  Such an objection is untenable.

Respondents object to the contents of footnote 24 in the PFRD at 18.  This footnote contains several examples of Sanders' statements to show the extent to which Sanders either shifted the blame to Petitioner and another defendant (Hill), or at least attempted to spread the blame for the crimes.  Respondents also object to the Magistrate Judge's recommendation that the New Mexico Supreme Court erred in concluding that Sanders did not shift the blame away from himself, or erred by not recognizing that Sanders was at least spreading blame.  PFRD at 18.  Further, the PFRD concludes that this factor weighs against a finding of reliability of Sanders' statements.  Id.  The Magistrate Judge correctly applied the law to the facts, and there is nothing objectionable about this part of the PFRD.

Finally, Respondents object to the discussion of the failure to memorialize Sanders's statements in a writing or other recording as a factor affecting the statements' reliability.  PFRD at 19.  Respondents assert that Petitioner did not make this argument or present this evidence to the

New Mexico Supreme Court.  They also argue that it is not necessary to have a written or recorded version of a confession in order for it to be admissible.  This objection is without merit, as these facts were available to and fully known by the New Mexico Supreme Court.  Although not dispositive by itself, the lack of a writing or recording is a proper factor to consider in the analysis of the reliability and trustworthiness of the statements.

In Objection No. 5, Respondents mount an unsuccessful attack on many aspects of the PFRD's analysis of the trustworthiness residual admissibility test under Ohio v. Roberts.  The objection will be overruled.

*Objection No. 6.*  This objection explicitly reiterates Respondents' exhaustion argument made in their motion (Doc. Nos. 34, 35) and rejected by this Court in its Memorandum Opinion and Order filed June 2, 2006 (Doc. No. 48).  None of the arguments made and evidence presented by Petitioner in connection with his Claim One on the admissibility of Sanders' statements were outside the scope of the arguments he made and evidence he presented to the New Mexico Supreme Court.  This objection will be overruled.

*Objections Nos. 7 and 8.*  Respondents object that the PFRD proposes to hold that the New Mexico Supreme Court improperly relied on the factor "whether Sanders received promises of leniency."  PFRD at 9.  They also object that the PFRD itself considered the leniency factor, and that in doing so acted inconsistently with its own reasoning.  In examining Sanders' statements for trustworthiness, the New Mexico Supreme Court found that "Sanders received no promises of leniency in exchange for his statements to the FBI," and used that finding to support admissibility, concluding that "there is no indication Sanders was attempting to curry favor with authorities."  Decision at 8, Ex. O to Ans.  The PFRD correctly applied Lilly on this factor.

9

PFRD at 9-10 and n.11 (absence of express promise of leniency does not enhance statements'
reliability).  The PFRD also correctly considered the leniency issue at pp. 14-17 in accordance
with the teachings of <u>Lilly</u> (Sanders had natural incentive to curry favor with authorities; FBI
agents told Sanders his cooperation may in fact help him).  These objections will be overruled.

*Objections Nos. 9 and 10.*  Respondents argue that the PFRD seriously mischaracterizes
the New Mexico Supreme Court's decision in Buchanan's case and proposes a finding that is
"objectively false."  Resp. Obj. No. 9 at 41.  This argument, which covers 11 pages, revolves
around whether the PFRD correctly perceived that the New Mexico Supreme Court considered
the voluntariness of Sanders' confession in its examination of the trustworthiness of Sanders'
statements.  Respondents also argue that the PFRD wrongly relies on <u>Brown v. Uphoff</u>, 381 F.3d
1219 (10th Cir. 2004) in discussing the voluntariness factor.

It appears that the New Mexico Supreme Court did consider voluntariness of Sanders'
confession as a factor in its analysis.  The decision explicitly begins its trustworthiness analysis
with the statement, "[t]he voluntariness of co-defendant Sanders' confession has previously been
addressed by this Court in <u>State v. Sanders</u>, 2000-NMSC-032, ¶ 22 ('After reviewing the totality
of the circumstances, we hold that Sanders' confession was voluntary . . ..')."  Decision at 8, Ex.
O to Ans.  The decision goes on to consider five specific factors, all of which had been considered
by the <u>Sanders</u> court in making its determination that Sanders' confession was voluntary.  <u>Id.</u>[6]

Respondents cite the concurring opinion of Judge McConnell in <u>Brown v. Uphoff</u> in

---

[6]  These factors are:  (1) that Sanders was not in custody (citing ¶ 3 of <u>Sanders</u> opinion); (2) that Sanders
had not been charged with any crime (citing ¶ 4); (3) that Sanders received no promises of leniency even though he
was told that the U.S. Attorney would be informed of his cooperation (citing ¶¶ 3 and 10); (4) that although the
FBI communicated to Sanders a credible threat of violence that had been made against him from a drug
organization, Sanders was already award of the threat (citing ¶¶ 17 and 2); and (5) that Sanders chose to call the
FBI, meet with the agents, and confess to the murder (citing ¶ 21).  Decision at 8, Ex. O to Ans.

support of their argument that a mere reference to voluntariness in a state supreme court summary decision does not necessarily mean that the decision is contrary to federal law.  Id., 381 F.3d at 1229.  However, the PFRD correctly relied on the majority opinion in Brown in that reliance on voluntariness "is inappropriate for determining whether a statement is trustworthy."  Id. at 1225.

Moreover, even if Respondents were right that the New Mexico Supreme Court did not actually consider voluntariness as a factor, the PFRD's analysis is essentially correct that in light of Lilly, the New Mexico Supreme Court improperly considered two other factors, i.e., whether Sanders received promises of leniency, and whether Sanders' statement was against his penal interest.  Thus, this Court will not engage in a lengthy discussion of the voluntariness conundrum.  These objections will be overruled.

Objection No. 11.  Respondents contend that the PFRD considered factual findings made by the state courts to be incorrect without utilizing the proper standard of deference under § 2254(e), which provides:

> [A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant [for a writ of habeas corpus] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  The deference to state courts' findings of fact does not extend to mixed questions of fact and law.  Herrera v. Lemaster, 225 F.3d 1176, 1178-79 (10th Cir. 2000).  Although Respondents assert that the PFRD did not presume the correctness of factual findings of the state courts, they fail to specify which factual findings were supposedly wrongly considered by the Magistrate Judge.

Respondents may be attempting to challenge the Magistrate Judge's statement that he "respectfully disagrees with the NMSC's conclusion that 'there is no indication Sanders was

attempting to curry favor with authorities.'"  PFRD at 17.  Even if this was neither a conclusion

by the state court nor a mixed question of fact and law, but rather "a determination of a factual

issue" within the meaning of § 2254(e)(1), the PFRD goes on to presume its correctness.  The

PFRD also notes that if Sanders was not trying to curry favor with authorities, it does not

necessarily follow "that Sanders otherwise lacked a motive or incentive to minimize his conduct,

inculpate others, avenge himself or otherwise divert attention from himself."  PFRD at 17.  The

Court finds no error in the PFRD's treatment of this issue, which is consistent with the teachings

of Lilly.

    Respondents may also be attempting to challenge the PFRD's discussion about "shifting

the blame" versus "spreading the blame."  PFRD at 18.  Here again, the PFRD presumes the

correctness of the New Mexico Supreme Court's finding that Sanders did not "shift" the blame to

Buchanan, but the Magistrate Judge goes on to find it was clear error for the state court not to

acknowledge that Sanders attempted to "spread" blame to others.  Id. ("even assuming that the

NMSC did not err in finding that Sanders' statements did not *shift* blame, the failure to find that

Sanders' statements '*spread* blame' was clear error.").  It is undeniable, under the undisputed

facts, that Sanders "spread" blame to Buchanan and Kenny Hill.  Under Lilly, that fact weighs

against the reliability of Sanders' statements.

    Respondents' objection will be overruled.

    *Objection No. 12.*  This objection mounts a global attack on the PFRD's treatment of Lilly

as representing clearly established law in any respect.  As discussed in connection with Objection

No. 2 above, Stevens v. Ortiz, 465 F.3d 1229 (10th Cir. 2006) forecloses this objection because

in it the Tenth Circuit Court of Appeals rejected the argument that the holdings of the four-Justice

Lilly plurality are not clearly established federal law for purposes of AEDPA, 28 U.S.C.

§ 2254(d)(1). Id. at 1237-38. This objection will be overruled.

Objection No. 13. Respondents argue that the PFRD unjustifiably employs *de novo*

review. The PFRD cites Tenth Circuit law for the proposition that because the New Mexico

Supreme Court's reasoning on three issues was contrary to clearly established federal law,

"AEDPA deference does not apply . . . [and this Court] must determine *de novo* if a violation of

the Confrontation Clause occurred. Brown, 381 F.3d at 1225." PFRD at 10. These three issues

are (1) the voluntariness of Sanders' confession (discussed above under Objections Nos. 9 and

10), (2) absence of an offer of leniency to Sanders (discussed above under Objections Nos. 7 and

8), and (3) the presence of some statements against penal interest (discussed above under

Objection No. 2). Respondents do not challenge the appropriateness of *de novo* review when the

state court has acted contrary to clearly established federal law. Respondents' objection is

premised on the incorrectness of the Magistrate Judge's recommendations on these three issues,

which this Court has already found to be correct. Therefore, this objection will be overruled.

Objection No. 14. Respondents object that the PFRD uses incorrect standards to

scrutinize the New Mexico Supreme Court's decision in that the PFRD focuses on the reasoning

of the state court rather than on the state court's resolution of the case. Respondents contend

that the PFRD does not properly examine the reasoning of other state cases cited by the New

Mexico Supreme Court in its summary decision in Buchanan's appeal. They also argue that the

PFRD failed to properly consider the independent meaning of the "contrary to" and "unreasonable

application" clauses in 28 U.S.C. § 2254(d)(1).

The Court believes that the Magistrate Judge used the proper standards in making his

recommendations in this case. This objection will be overruled.

13

*Objection No. 15.*  This objection is the flip side of Objections Nos. 9 and 10 in which Respondents asserted that the New Mexico Supreme Court did not consider voluntariness of Sanders' confession in its analysis of admissibility.  In this objection, Respondents argue that even if the New Mexico Supreme Court did consider voluntariness, that court did not reach a decision contrary to or unreasonably applying clearly established federal law because United States Supreme Court precedent did not foreclose consideration of voluntariness.  Respondents assert that Lee v. Illinois, 476 U.S. 528 (1986) "merely says that voluntariness by itself does not prove purity of motive . . .."  Resp. Obj. 15 at 64.  Citing Aristotle's *On Sophistical Refutations*, Respondents engage in their own form of sophistry by reasoning that because an *involuntary* confession is "highly likely to be unreliable," id. at 64, it is permissible to consider voluntariness since a voluntary confession is more likely to be reliable.  Id. at 64-65.

Lee held that a finding of voluntariness of a confession "does not bear on" whether the declarant was motivated to spread the blame to another person or to overstate the other person's involvement in a crime.  476 U.S. at 544.  This Court agrees with the analysis of Lee by the Tenth Circuit in Brown, 381 F.3d at 1225 (reliance on voluntariness of confession "inappropriate for determining whether a statement is trustworthy").  It is undisputed that Sanders "knew he was under criminal investigation when he met with the agents, both because the agents had told his father of the investigation and because a search warrant had been executed at Buchanan's house months earlier."  SOMF No. 10, Mem. in Supp. of Pet. Rev. Mot. for Partial Sum. Jt. at 3-4 (Doc. No. 14).  The Lee Court recognized "a reality of the criminal process, namely, that once partners in a crime recognize that the 'jig is up,' they tend to lose any identity of interest and immediately become antagonists . . .."  Lee, 476 U.S. at 544-45.  Thus, after Lee it was clearly established federal law that voluntariness could not be used to test a confession for reliability or

14

trustworthiness under the second prong of <u>Ohio v. Roberts</u>.  This objection will be overruled.

*Objection No. 16.*  Respondents argue that the PFRD misstates and misapplies the standard for summary judgment in a habeas corpus case.  Respondents contend that it is inappropriate to use in a habeas corpus case the summary judgment standard of "ordinary civil cases under Fed. R. Civ. P. 56."  Resp. Obj. No. 16 at 66.  There is noting improper about applying summary judgment standards of civil cases to a habeas corpus case.  *See* <u>Shillinger v. Haworth</u>, 70 F.3d 1132, 1136 (10th Cir. 1995) (applying Rule 56 standards in habeas corpus case).

*Objection No. 17.*  Respondents argue that Magistrate Judge Scott should have recused himself in this case under 28 U.S.C. § 455(a) (requiring judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned").  Respondents' rationale is that in 1998 Judge Scott lost a close election to New Mexico Supreme Court Justice Petra Maes, the author of the decision in Buchanan's direct appeal, and holds resentment that influenced his PFRD.  As evidence that Judge Scott harbors bitterness toward Justice Maes, Respondents allude to an "inappropriately personal, gratuitous and legally erroneous insult" in Judge Scott's earlier PRFD on exhaustion of remedies.  Resp. Obj. No. 17 at 69.  In his prior PFRD Judge Scott stated:  "Respondents' arguments on the issue of exhaustion lack merit and border on the frivolous."  PFRD 10/20/05 at 3 (Doc. No. 43).  This statement is an apt and restrained description of parts of Respondents' Memorandum Brief in Support of the Motion to Dismiss for Failure to Exhaust State Remedies (Doc. No. 35).   This Court performed a *de novo* review of the prior PFRD, overruled Respondents' objections, and adopted the PFRD and its recommendation that Petitioner had properly exhausted his claims.  Mem. Op. & Ord. 6/2/06 (Doc. No. 48).

Counsel previously objected to the "border on the frivolous" comment in Respondents'

Objections to that PFRD, Doc. No. 44 ¶ 14 at 12-13, and requested this Court to "reassign this

case to a different magistrate judge for further proceedings, if any."  Doc. No. 44 at 13.  At that

time, Respondents did not mention the lost election.  This Court denied the request for

reassignment.  Doc. No. 48 at 9.

A party seeking to invoke § 455(a) must request recusal in a timely fashion.  <u>Green v.</u>

<u>Granson</u>, 108 F.3d 1296, 1305 (10th Cir. 1997); <u>United States v. Stenzel</u>, 49 F.3d 658, 661 (10th

Cir. 1995); <u>Hinman v. Rogers</u>, 831 F.2d 937, 938 (10th Cir. 1987).  Respondents waited over a

year after requesting reassignment to a different Magistrate Judge to bring up the remote issue of

the election lost eight years earlier, and brought it up only after receiving Judge Scott's current

adverse recommendation.  Respondents' only explanation for this untimeliness is that "their

counsel was confident the matter had simply escaped the Magistrate Judge's attention and that at

some point he would recognize the obvious conflict and recuse himself."  Resp. Reply at 2 (Doc.

No. 55).  Their request for recusal is untimely.

Moreover, the request for recusal is totally without merit.  Respondents argue that various

recommendations in Judge Scott's PFRD "cannot be defended as logical, or as compelled by the

governing statute . . . [b]ut they make perfect sense as expressions of pent-up emotion."  Resp.

Reply at 2.  On the contrary, this Court has overruled all of Respondents' substantive objections,

and will adopt all of Judge Scott's recommendations that Respondents give as examples of error

or illogic.  "[A]dverse rulings 'cannot in themselves form the appropriate grounds for

disqualification.'"  <u>Green v. Branson</u>, 108 F.3d 1296, 1305 (10th Cir. 1997) (citation omitted).

Further, "[h]ighly tenuous speculation" should not be used as grounds for recusal.

<u>Hinman</u>, 831 F.2d 939.  Similarly, recusal is inappropriate when based on "innuendos."  <u>Id.</u> at

940. The theory that Judge Scott's well-reasoned recommendations result from bitterness over a lost election eight years earlier is speculative at best and amounts to no more than rank innuendo. No reasonable person, knowing that Judge Scott lost an election to the author of the decision in Buchanan's direct appeal, would believe that the PFRD resulted from bitterness or pent-up emotion over that election loss eight years earlier.

Judge Scott will continue to preside over further proceedings in this case. This Court is confident he will do so with the fairness and integrity he has shown heretofore. This objection will be overruled.

THEREFORE the Court:

(1)     overrules Respondents' Objections (Doc. No. 51), and adopts the Magistrate Judge's proposed findings and recommended disposition (Doc. No. 50) except that the Court makes no ruling on Objection No. 4; and

(2)     Grants Petitioner's Revised Motion for Partial Summary Judgment (Doc. No. 13) and denies Respondents' Motion to Deny Claim One on the Merits (Doc. No. 34); and

(3)     Remands this case to the Magistrate Judge for further proceedings.

_____
SENIOR UNITED STATES DISTRICT JUDGE