**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM Y. BUCHANAN,

      Petitioner,

v.                                                         Civ. No. 03-1231 JP/RHS

PATRICK SNEDEKER, Warden, et al.,

      Respondents.

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S MOTION FOR ENTRY OF FINAL JUDGMENT ON**
**CLAIM ONE OF HIS HABEAS CORPUS PETITION**

On May 8, 2007, the Petitioner William Y. Buchanan filed a Motion for Entry of Final Judgment on Claim One of his Habeas Corpus Petition under Fed. R. Civ. P. 54(b) (Doc. No. 58) ("Petitioner's Motion"). Having considered the parties' briefs and the applicable law, the Court determines that the Petitioner's motion should be denied without prejudice.

**BACKGROUND**

Petitioner brings this action seeking a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his conviction in New Mexico state court. On April 9, 2007, the Court granted Petitioner's Revised Motion for Partial Summary Judgment with respect to Claim One of the petition (Doc. No. 56). That claim concerns the admission of out-of-court statements by Petitioner's co-defendant, Eddie Sanders, that implicated Petitioner in the murder of Darrett McCauley. The prosecution introduced those statements through testimony by the FBI Agent to whom the non-testifying co-defendant made the statements. The Petitioner alleged a Sixth Amendment Confrontation Clause violation in Claim One and moved for partial summary

1

judgment on that claim. After granting that motion, the Court did not enter a final judgment on Claim One, but rather remanded the case to the Magistrate Judge for further proceedings. Four claims asserted in the petition remain unadjudicated. At that time, the Court anticipated that the parties would either proceed to adjudicate one or more of the other four claims asserted in the petition, or would engage a "harmless error" analysis on the constitutional error found under Claim One. To date, the parties have not taken either course of action. The Petitioner now moves for entry of final judgment on Claim One under Fed. R. Civ. P. 54(b) and for issuance of the writ.

## DISCUSSION

Petitioner contends that the Court should enter final judgment on Claim One under Fed. R. Civ. P. 54(b), which permits "entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay . . ." A decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). While the Court here has granted summary judgment as to Claim One of the petition, the Court is not satisfied that the merits of that claim have been adjudicated to the extent that the Court has nothing left to do but execute the final judgment and issue the writ. For the same reason, the Court is reluctant to certify the case for interlocutory appeal under Rule 54(b).

The Petitioner seeks both an entry of final judgment as to Claim One of his petition and an issuance of the Writ of Habeas Corpus. However, to date, neither party has addressed the issue of "harmless error" with respect to Claim One. In fact, in response to Petitioner's motion,

Respondents filed only a one page "Objection" in which they merely "reaffirm[ed] any and all objections previously made . . . and preserve[d] all procedural and all other defenses . . .." The Court is concerned that a "harmless error" analysis may be necessary before it can consider granting Petitioner the relief he seeks. *See Jones v. Gibson*, 206 F.3d 946, 957 (10th Cir. 2000) ("harmless error analysis applies in Confrontation Clause cases"); *Saiz v. Burnett*, 296 F.3d 1008, 1012 (10th Cir. 2002) (articulating a two-part analysis in which district court must engage when considering habeas review of a state court decision); *Hamilton v. Mullin*, 436 F.3d 1181, 1190 (10th Cir. 2006) (indicating that examination of constitutional error must include harmless error analysis).

The current case presents an unique situation not considered by the Tenth Circuit in these cases. In analyzing the Petitioner's claims, the New Mexico Supreme Court did not find any constitutional error and thus did not conduct a harmless error analysis. *See State of New Mexico v. William Y. Buchanan*, NMSC No. 25,608 (Jan. 16, 2002) (unpublished decision). Had the state court found a constitutional error, under *Chapman v. California*, 386 U.S. 18, 24 (1967) it would have been required to conduct a harmless error analysis in which it looked to the "beneficiary of [the] constitutional error to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Under the first part of the two-part analysis announced in *Saiz*, this Court would then review the objective reasonableness of the state court's application of that harmless error analysis. *Saiz*, 296 F.3d at 1012. However, this Court cannot review the objective reasonableness of an analysis that did not occur.

In light of the United States Supreme Court's recent decision in *Fry v. Pliler*, __ U.S. __, 127 S. Ct. 2321 (2007), the manner in which the federal habeas court should proceed under such

circumstances is no longer uncharted territory.  There, the Court held that in § 2254 proceedings, the federal habeas court should assess the alleged prejudicial impact of a constitutional error in a state court trial under the standard announced in *Brecht v. Abrahamson*, 507 U.S. 619 (1993) regardless of whether the state court recognized the constitutional error and undertook a harmless error analysis.  *Fry*, __ U.S. at __, 127 S. Ct. at 2328.  Under the less onerous *Brecht* standard, the federal habeas court determines whether the constitutional error in the state court trial "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637.  Accordingly, *Fry* not only provides the appropriate "harmless error" standard to apply in situations like the present case but also suggests the necessity of conducting a "harmless error" analysis before granting habeas relief.

Furthermore, *Fry* suggests that the federal habeas court should conduct its *Brecht* "harmless error" analysis in accordance with the Court's decision in *O'Neal v. McAninch*, 513 U.S. 432 (1995).  *See Fry*, 127 S. Ct. 2328 n.3.  In *O'Neal*, the Court attempted to clarify an apparent inconsistency in its *Brecht* decision concerning the appropriate allocation of the burden of persuasion with respect to the harmlessness of the constitutional error.[1]  There, the Court noted that "[w]hether or not counsel are helpful, it is still the responsibility of the . . . court, once it concludes there was error, to determine whether the error affected the judgment.  It must do so without benefit of such aids as presumptions or allocated burdens of proof that expedite fact-finding at the trial." *O'Neal,* 513 U.S. at 437 (quoting Roger J. Traynor, *The Riddle of*

---

[1] In *Brecht*, the Court stated that habeas petitioners "are not entitled to relief unless *they* can establish that [the constitutional error] resulted in 'actual prejudice,'" *Brecht,* 507 U.S. at 637 (emphasis added).  However, Justice Stevens in the same opinion, while writing as a member of the majority, explicitly stated that "the burden of sustaining a verdict by demonstrating that the error was harmless rests on the prosecution." *Id.* at 641 (Stevens, J. concurring) (citing *Kotteakos v. United States*, 328 U.S. 750, 760-761 (1946)).

*Harmless Error* 26 (1970) (ellipsis in original)).  Accordingly, when conducting its "harmless error" analysis, the reviewing court need not allocate a burden of persuasion to either party but instead should directly ask itself whether the constitutional error had a "substantial and injurious" effect on the jury's verdict.  *Id*.  However, the fact that neither party bears a *per se* burden of persuasion does not abrogate the parties' responsibility for providing the court with an adequate basis on which to make its assessment.  *See Morrison Knudsen Corp. v. Fireman's Fund Insurance Co.*, 175 F.3d 1221, 1240-1241 (10th Cir. 1999).  In fact, *O'Neal* makes the parties' briefing even more crucial so that the court can intelligently and meaningfully review the record under the guidance of the parties' well-supported arguments.  *Id*.  In cases where the court is in "grave doubt" as to the harmlessness of the constitutional error after conducting its review, i.e. where the "matter is so evenly balanced that [the court][it]self feels in virtual equipoise as to the harmlessness of the error,"  it must treat the error as if it had a "substantial and injurious" effect and grant relief.  *O'Neal,* 513 U.S. at 435, 445.

## CONCLUSION

In light of the above discussion, the Court will remand this matter to the Honorable Magistrate Judge Robert H. Scott for further proceedings.  Judge Scott should establish a briefing schedule for the parties to submit briefs addressing the matters discussed herein, particularly the necessity of a "harmless error" analysis prior to entering a partial final judgment and issuing a Writ of Habeas Corpus, and, if necessary, conduct a *Brecht* analysis of the constitutional error in Claim One of the petition.

THEREFORE the Court:

(1) DENIES Petitioner's Motion for Entry of Final Judgment on Claim One of his Habeas Corpus Petition under Fed. R. Civ. P. 54(b) (Doc. No. 58) without prejudice; and

(2) Remands this case to the Magistrate Judge for further proceedings.

_____
SENIOR UNITED STATES DISTRICT JUDGE